**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK RUBENSTEIN,<br>DENNIS J. DONOGHUE,<br>CALENTURE, LLC,<br>REVIVE INVESTING, LLC,<br>and NOSIRRAH MANAGEMENT, LLC,<br><br>　　　　　　　　Plaintiffs,<br>　　　　　v.<br><br>ATLANTICUS HOLDINGS CORP.,<br><br>　　　　　　　　Defendant. | No. 23-CV-2106<br>_____<br>(ECF Case)<br><br>**COMPLAINT**<br><br>UNDER § 16(b) OF THE<br>SECURITIES EXCHANGE ACT,<br>15 U.S.C. § 78p(b) |

Plaintiffs MARK RUBENSTEIN, DENNIS J. DONOGHUE, CALENTURE LLC, REVIVE INVESTING, LLC, and NOSIRRAH MANAGEMENT, LLC (collectively, "PLAINTIFFS"), by their undersigned attorneys, as and for their Complaint herein, respectfully allege as follows on knowledge as to themselves and their own acts and on information and belief as to all other matters:

**JURISDICTION AND VENUE**

1.　The Court has jurisdiction over this action pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78p(b) ("the Act"), as well as under Section 27 and other relevant Sections of the Act).

2.　Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. The common stock of Defendant ATLANTICUS HOLDINGS CORP. ("ATLANTICUS" or the "Company") is registered and traded under stock symbol "ATLC" on the NASDAQ, which is headquartered within the District. Some or all of the transactions giving rise to Atlanticus' Section 16(b) recovery and some or all of the services rendered by the PLAINTIFFS' counsel for which

payment is sought in connection with that recovery, as described in the Claim for Relief, occurred (or will occur) in whole or in part within this District.

## THE PARTIES

3.     At all relevant times, Defendant ATLANTICUS was and is a Georgia corporation with principal offices at: Five Concourse Parkway Suite # 300, Atlanta Georgia, 30328.

4.     Each of the PLAINTIFFS is a shareholder of ATLANTICUS.

5.     At all relevant times, the issued and outstanding shares of common stock of ATLANTICUS were registered pursuant to Section 12(b) of the Securities Exchange Act, 15 U.S.C. §78*l*(b), and directors, officers and 10% shareholders of ATLANTICUS were subject to reporting and compliance under Section 16 of the Securities Exchange Act, 15 U.S.C. §78p.

## CLAIM FOR RELIEF

6.     On December 7, 2022, David G. Hanna, the Executive Chairman of ATLANTICUS, and a statutory "insider" of the Company, sold 263,432 shares of ATLANTICUS common stock to an entity owned and controlled by Mr. Hanna's brother, at a price of $28.40 per share.

7.     On December 7, 2022, Mr. Hanna purchased 325,000 shares of ATLANTICUS common stock at a price of $27.15 per share.

8.     By reason of the foregoing purchases and sales, Mr. Hanna realized short swing profits of $329,290 (more or less), which Mr. Hanna is required to disgorge to ATLANTICUS under Section 16(b) of the Securities Exchange Act (the "Act"), 15 U.S.C. §78p(b) ("Section 16(b)").

9.     Each of the PLAINTIFFS, through their undersigned counsel, sent similar demands to ATLANTICUS on or about December 9, 2022, which sought to compel ATLANTICUS to

recover the short swing profits realized by Mr. Hanna from the purchases and sales described above, as provided under Section 16(b).

10.     On December 19, 2022, ATLANTICUS advised the PLAINTIFFS' counsel that the first demand received by ATLANTICUS was the letter from Miriam Tauber, counsel for PLAINTIFF Mark Rubenstein. ATLANTICUS further advised PLAINTIFFS' counsel that ATLANTICUS would investigate the short swing trading identified in the PLAINTIFFS' demands and would revert solely to PLAINTIFF Mark Rubenstein's counsel Miriam Tauber when the investigation was complete. (*See* Ex. A.)

11.     On January 6, 2023, ATLANTICUS advised PLAINTIFF Mark Rubenstein's counsel Miriam Tauber that ATLANTICUS had reviewed the trading identified in PLAINTIFFS' demands with "outside counsel," and that as a result of that investigation, Mr. Hanna disgorged short swing profits of $329,290.00 USD to ATLANTICUS on December 16, 2022. (*See* Ex. B.)

12.     Miriam Tauber, PLAINTIFF Mark Rubenstein's counsel, responded to ATLANTICUS on January 7, 2023, by requesting payment of attorneys' fees equivalent to the customary 25% of the disgorgement recovered by ATLANTICUS from Mr. Hanna in response to PLAINTIFFS' demands, as provided under Section 16(b). PLAINTIFF Mark Rubenstein's counsel noted that the additional PLAINTIFFS had also sent demand letters to ATLANTICUS regarding the profits owed by Mr. Hanna to ATLANTICUS due to his trading in violation of Section 16(b) and proposed to notify and include the additional PLAINTIFFS in any settlement of the Section 16(b) claim. (Ex. B.)

13.     On January 12, 2023, Plaintiff Mark Rubenstein's counsel Miriam Tauber received a letter from Paul Davis Fancher, an attorney at Troutman Pepper Hamilton Sanders LLP, who identified himself as "outside counsel" to ATLANTICUS. Mr. Fancher's letter enclosed a check in

the total amount of $25,000.00 USD, which stated "payment in full for attorneys' fees." Mr. Fancher's letter explained that he had determined that attorneys' fees of $25,000, representing approximately 7.6% of ATLANTICUS' windfall Section 16(b) recovery of $329,290, was sufficient payment. Mr. Fancher acknowledged the additional demands received by "other attorneys," but declined to include counsel for the additional PLAINTIFFS in his correspondence with PLAINTIFF's counsel Miriam Tauber. Mr. Fancher suggested that PLAINTIFF's counsel could divide the enclosed $25,000 payment with the additional PLAINTIFFS' counsel "as you see fit." (Ex. C.)

14.     On January 19, 2023, PLAINTIFF's counsel Miriam Tauber advised ATLANTICUS and ATLANTICUS' counsel that she would not be cashing the $25,000 check enclosed with Mr. Fancher's letter. PLAINTIFF's counsel informed ATLANTICUS that she would not respond to further attempts to settle the Section 16(b) claim and ancillary claim for payment of attorneys' fees without the participation of all PLAINTIFFS who had sent demands to ATLANTICUS regarding Mr. Hanna's short swing trading violation and demanded that ATLANTICUS compel Mr. Hanna's disgorgement of short swing profits. (Ex. D.)

15.     PLAINTIFFS did not receive any further substantive communication from ATLANTICUS or ATLANTICUS' counsel. On January 27, 2023, PLAINTIFF's counsel Miriam Tauber again received a check for a total of $25,000.00 USD, which again stated "payment in full for attorney's fees." This time, there was no letter accompanying the check, although someone wrote "This is a reissued payment" on the check stub. (Ex. E.)

16.     On February 4, 2023, PLAINTIFF's counsel Miriam Tauber advised ATLANTICUS and ATLANTICUS' counsel that the "reissued check" would not be cashed and that PLAINTIFFS instead expected to file this lawsuit given ATLANTICUS' failure to cooperate

with all of the PLAINTIFFS to resolve their outstanding demands concerning the Section 16(b) profits realized by Mr. Hanna and recovered by ATLANTICUS. (Ex. F.)

17.     Given that Mr. Hanna has fully disgorged the profits owed to ATLANTICUS as a result of the short swing transactions identified in PLAINTIFFS' demands, ATLANTICUS is required to pay reasonable attorneys' fees to PLAINTIFFS' counsel, in an amount proportional to the amount of Section 16(b) profits recovered by ATLANTICUS as a result of their efforts to enforce the statute on ATLANTICUS' behalf.

18.     Each of the PLAINTIFFS retained their respective undersigned counsel to investigate Mr. Hanna's reported short swing trading in ATLANTICUS common stock, to promptly make demand on ATLANTICUS regarding Mr. Hanna's Section 16(b) violations, and to prepare all pleadings, proofs, and papers as may be necessary and proper to commence an action to recover short swing profits from Mr. Hanna on behalf of ATLANTICUS in the event that ATLANTICUS fails or refuses to recover the profits from Mr. Hanna (or fails to institute, or diligently prosecute an action seeking to recover such profits) within 60 days of the PLAINTIFFS' respective demands, as provided by Section 16(b).

19.     The PLAINTIFFS agreed to pay a fair and reasonable counsel fee to their respective counsel for legal services rendered, contingent upon ATLANTICUS' reimbursing the PLAINTIFFS in the amount of the legal fees incurred.

20.     Shareholder counsel are entitled to be paid their attorney's fees because of their critical role in enforcing Section 16(b). Part of that enforcement role is to prevent companies from entering into collusive settlements of Section 16(b) claims that would permit or forgive short swing trading by insiders (the very insiders who control the company). It would violate the policy of the statute to permit companies to secretly resolve Section 16(b) claims with only the very first

shareholder to win the race to the mailbox (or to press "send" on an email), and limit the number of shareholder claimants performing the crucial "watchdog" function delegated to them under the statute. The involvement of more than one PLAINTIFF or shareholder claimant promotes oversight of the statutory enforcement process by preventing companies from privately colluding with individual "chosen" shareholders and avoiding other shareholder demands to verify the amount of any disgorgement and the adequacy and timing of any proposed settlement of outstanding Section 16(b) claims.

21.     ATLANTICUS' (and their "outside counsel's") strategy of unilaterally determining the amount of attorneys' fees to be paid exclusively to counsel for one of the PLAINTIFF shareholders, and to refuse to permit the other PLAINTIFFS or their counsel from participating in or approving any settlement terms, would favor the pure speed of shareholder counsel over their reasonable diligence in sending demand letters, and encourage collusive settlements with shareholder counsel by removing them from the review and objection of other shareholders (including, and specifically, the other PLAINTIFFS in this case). ATLANTICUS' approach to resolving the Section 16(b) claim identified in PLAINTIFFS' demands contravenes the PLAINTIFFS' statutory right of action and the strict liability policy of Section 16(b) and is to the detriment of the ATLANTICUS shareholders that the statute was designed to protect.

22.     Moreover, ATLANTICUS' position that only one PLAINTIFF's demand motivated ATLANTICUS' Section 16 investigation and the resulting recovery from Mr. Hanna, is unfounded and unreasonable. The PLAINTIFFS' demands collectively motivated ATLANTICUS to investigate Mr. Hanna's Section 16(b) liability, and their demands collectively generated any disgorgement paid by Mr. Hanna to ATLANTICUS on December 16, 2022.

23.     By taking action to investigate and recover any short swing profits from Mr. Hanna in response to PLAINTIFFS' demands, ATLANTICUS ratified and accepted the benefit of the services rendered by PLAINTIFFS' counsel. Accordingly, PLAINTIFFS are entitled to recover from ATLANTICUS a fair and reasonable fee for the services contingently undertaken and diligently performed by their respective counsel, in an amount proportional to any recovery generated for ATLANTICUS' benefit.

24.     The amount of the recovery conferred upon ATLANTICUS by PLAINTIFFS' demands is $329,290. The fair and reasonable value of the legal services rendered by PLAINTIFFS' counsel is equal to a total of 25% of the amount of ATLANTICUS' recovery, or $82,322.50.

25.     The PLAINTIFFS demand that ATLANTICUS pay their attorneys' fees in a total amount equivalent to approximately 25% of ATLANTICUS' recovery of $329,290 – or total attorney's fees of $82,322.50 USD.

26.     PLAINTIFFS contend that their demands collectively and equally motivated the recovery by ATLANTICUS, and that the 25% attorneys' fee should accordingly be divided equally among counsel for each of the PLANTIFFS.

27.     The PLAINTIFFS seek no personal benefit but bring this action solely to recover the expenses contingently incurred by them, in an amount equal to the reasonable value of the legal services collectively rendered by each of their respective counsel, and solely for the purpose of paying for those services.

28.     PLAINTIFFS' claim for payment of their attorneys' fees as asserted herein is without prejudice to claims for further fees as may be earned in connection with any disgorgement of profits by Mr. Hanna subsequent to the commencement of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS demand judgment:

(a) Against ATLANTICUS and for the benefit of each of the PLAINTIFFS' undersigned counsel, for services and benefits conferred (or to be conferred) as described in the Claim for Relief, in the total amount of $82,322.50 (inclusive of out-of-pocket costs and disbursements).

(b) For such other, further, and/or different relief as the Court may deem just and proper.

Dated:  New York, NY
     March 13, 2023

     Respectfully submitted,

*/s/ Miriam Tauber*
Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. # 2A
New York, NY 10075
(323) 790-4881
MiriamTauberLaw@gmail.com
***Attorney for Plaintiff Mark Rubenstein***

David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd.| PO Box # 323
Southampton, NY 11969
(631) 287-5520
DavidLopezEsq@aol.com
***Attorney for Plaintiff Dennis J. Donoghue***

Daniel E. Doherty (DD-2145)
LAW OFFICES OF DANIEL E. DOHERTY
7300 W. 110th St. # 930
Overland Park, KS 66210
(913) 338-7182
ded@ddoherty.net
***Attorney for Plaintiff Revive Investing, LLC***

James A. Hunter (JH-1910)
42 Stagecoach Rd.
Pipersville, PA 18947
(646) 666-0122
hunter@HunterKmiec.com
***Attorney for Plaintiff Calenture, LLC***

Ann Jernow (5260153)
STERLINGTON, PLLC
1 World Trade Ctr. 85th Fl.
New York, NY 10007
(332) 910-5742
Ann.Jernow@SterlingtonLaw.com
***Attorney for Plaintiff Nosirrah Management, LLC***